UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

OCT - 7 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES OF AMERICA,           :
c/o United States Attorney's        :
    Office                          :    Civil Action No.
Judiciary Center Building           :
555 4th Street, N.W.                :
Washington, D.C.  20530,            :
                                    :
            Plaintiff,              :    CASE NUMBER  1:05CV01992
                                    :
        v.                          :    JUDGE: Emmet G. Sullivan
                                    :
                                    :    DECK TYPE: General Civil
1133 Sixth Street, N.W.,            :
    Washington, D.C.,               :    DATE STAMP: 10/07/2005
                                    :
            Defendant.              :
_____:

### VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

The United States of America, through its attorney, the United States Attorney, for the District of Columbia, respectfully states as follows:

1. This is a civil action brought *in rem* against property identified as 1133 Sixth Street, N.W., Washington, DC, and as further described in the legal description set forth below in paragraph 3 ("property"), to enforce Title 18, United States Code, Section 981(a)(1)(C), which provides for the forfeiture of all property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 2314 (Interstate Transportation of Stolen Property/Fraudulent Securities).

2. This Court has jurisdiction over these matters by virtue of Title 28, United States Code, Sections 1345 and 1355(a).

1

Venue exists in this Court pursuant to Title 28, United States Code, Sections 1355(b)(1), 1395(b), and 1391(b).

3.  The defendant real property, 1133 Sixth Street, N.W., Washington, D.C., with all appurtenances and improvements thereon, is located in an area of the District of Columbia and is legally described as:

> **LOT NUMBERED SIXTY-FOUR (64) IN SQUARE NUMBERED FOUR HUNDRED AND EIGHTY-TWO (482).**

4.  According to a document that purports to be a deed filed in the land records of the District of Columbia, the defendant real property is owned, in whole or in part, by Denise Seals McLeod.

5.  The defendant real property is now, and during the pendency of this action will be, in the jurisdiction of this Court.

6.  The defendant real property is subject to forfeiture under 18 U.S.C. § 981 because it constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 2314 (which is incorporated into the forfeiture provisions of Section 981 through 18 U.S.C. § 1956(c)(7)'s definition of "specified unlawful activity" and its incorporation of 18 U.S.C. § 1961(1)).

7.  Investigation conducted by the Federal Bureau of Investigation reveals that in about September 2005, a deed relating to the defendant property was filed with in the Recorder of Deeds for the District of Columbia. Through that deed, James

A. Roy purported to transfer all right title and interest (in fee simple) in the defendant property to Denise Seals McLeod. The deed purports to have been dated "August 30, 2005", and represents the consideration for the transfer to have been ten thousand dollars ($10,000.00).

8. Investigation has revealed that James A. Roy died on 10/13/04. Katrena D. Robinson, his granddaughter, was appointed as the personal representative of his estate in about June 2005.

9. According to Ms. Robinson, Mr. Roy owned property located at 1133 Sixth St. NW, Washington, D.C. when he died and that property is still part of the estate being probated. After Mr. Roy died, a woman identifying herself as Denise Seales McLeod approached both Ms. Robinson and her attorney, David Scull, and offered to purchase the property for $500,000.00 cash. Both Robinson and Scull declined the offer.

10. Ms. Robinson has recently learned that a deed was filed transferring the property from her grandfather to Denise Seales McLeod. Ms. Robinson did not sign the deed in her capacity as her grandfather's personal representative and she knows of no one else who could have. Ms. Robinson knows of no legitimate reason for the apparent transfer of this property to Ms. McLeod.

11. The deed that was filed in the District of Columbia is represented to have been made on August 30, 2005, but signed and notarized in Maryland (by a Maryland Notary Public) on August 28,

3

2005, and thereafter transported to the District of Columbia for recording in September 2005. As previously indicated, Mr. Roy died in 2004.

### COUNT I

### FORFEITURE

12. Plaintiff incorporates by reference paragraphs 1 through 11 above.

13. As described above, the defendant real property constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 2314.

14. By reason of the above-described facts, the defendant property is subject to forfeiture to the United States pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C).

**WHEREFORE PLAINTIFF PRAYS:**

A. That due process issue as to the aforementioned property to enforce the forfeiture and give notice to the interested parties to appear and show cause why the forfeiture should not be decreed and the defendant real property with appurtenances, and improvements be condemned as forfeited to the United States of America; and that thereafter the defendant property be disposed of in accordance with the law; and that the Court grant such other and further relief as the Court may deem just and proper;

B. For any and all other relief provided by law or statute, including but not limited to, damages, penalties, attorneys fees,

the cost of litigation, and any such further relief this Court deems just and proper.

Respectfully submitted,

/s/ _____
KENNETH L. WAINSTEIN
DC Bar No. 451058
United States Attorney

/s/ _____
WILLIAM R. COWDEN
D.C. Bar #426301
Assistant United States Attorney
555 4TH Street N.W.
Washington, DC 20530
(202) 514-7700
(202) 514-9155 (fax)

**VERIFICATION**

I, Charles E. Price, II, Special Agent, Federal Bureau of Investigation, declare under penalty of perjury as provided by Title 28, United States Code, Section 1746 that the foregoing Complaint for Forfeiture *In Rem* is based upon reports and information furnished to me or known by me and that everything contained therein is true and correct to the best of my knowledge and belief.

Executed on this ___7th___ day of ___October___, 2005.

_____
Special Agent Charles E. Price, II
Federal Bureau of Investigation

05 1992

**FILED**

OCT - 7 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT